UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. ACTION NO. 3:19-00074 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| NELSON BELL, JR. | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM RULING

Pending before the Court is Defendant Nelson Bell, Jr.'s ("Bell") Motion for Compassionate Release [Doc. No. 39]. The United States has filed its Response [Doc. No. 41]. For the reasons set forth herein, the motion is DENIED.

**I.   BACKGROUND**

On February 28, 2019, a Grand Jury in the Western District of Louisiana indicted Bell of one-count of Possession of an Unregistered Firearm [Doc. No. 4]. On August 19, 2019, Bell pled guilty to the one-count Indictment [Doc. No. 18]. On August 19, 2019, Bell was sentenced to 72 months imprisonment with the Bureau of Prisons ("BOP"), with 3 years supervised release [Doc. No. 26]. The Court upwardly departed in the case due to the inadequacy of Bell's criminal history score and the nature of the offense in which Bell fired the unregistered firearm into a couch where his wife was sitting, blowing a hole through the couch and the wall behind it.

Bell appealed his sentence, and the appeal and conviction was affirmed on May 26, 2020 [Doc. No. 38].

Thereafter, on October 7, 2020, [Doc. No. 39] Bell filed a motion for compassionate release, maintaining that pancreatic cancer, HIV, hypertension and congestive heart failure makes

him particularly vulnerable to becoming seriously ill from COVID-19 should he contract the virus in prison.

On October 15, 2015, the United States filed its Response [Doc. No. 41], conceding that Bell has one or more health conditions recognized by the Centers for Disease Control ("CDC"), thus comprising an "extraordinary and compelling reason" as that term is defined for purposes of 28 U.S.C. § 3582(c)(1)(A). However, the United States nonetheless argues that the motion for compassionate release should be denied as Bell has not demonstrated he is not a danger to the safety of any other person or to the community and/or that his release is consistent with the 18 U.S.C. § 3553(a) factors.

## II.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Bell submitted a request for relief to the Complex Warden at FMC Butner and on June 23, 2020, his request was denied. Therefore, Bell has exhausted his administrative remedies. *See United States v. Franco*, ___ F3d ____, 2020 WL 5249369 (5th Cir. Sept. 3, 2020); 18 U.S.C. § 3582(c)(1)(A).

## III.  LAW AND ANALYSIS

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) when the

2

defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. §3582(c)(2). Bell moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. The First Step Act, 18 U.S.C. § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A.    Extraordinary and Compelling Circumstances

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)   extraordinary and compelling reasons warrant the reduction; ....
>
> (2)   the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)   the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

3

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) <u>Medical Condition of the Defendant.</u>—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment,

            or

            (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) <u>Age of the Defendant.</u>—The defendant

        (i) is at least 65 years old;

        (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

        (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) <u>Family Circumstances.</u>

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) <u>Other Reasons.</u>

    As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13cmt. n. 1.

  The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.") (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright,* Crim. Action No. 16-214-04, 2020 WL1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

  The United States concedes that Bell has one or more health conditions recognized by the CDC as a COVID-19 risk factor, thus comprising an "extraordinary and compelling reason" as the term is defined for the purposes of 18 U.S.C. § 3582(c)(1)(A).

**IV. DANGER TO THE COMMUNITY AND 18 U.S.C. § 3553(a) FACTORS**

  Although the Government concedes Bell has established "extraordinary and compelling circumstances," it maintains Bell has not demonstrated that he is not a danger to the safety of any

5

other person, or to the community, and that his release is consistent with 18 U.S.C. 3553(a) factors. This Court agrees.

Even though Bell meets his burden on family circumstances, the Court must also consider whether he remains a danger to the community.  The Court must consider whether a prisoner remains a danger to the community before granting compassionate release, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C.§ 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors to be considered in weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."   Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2)     the need for the sentence imposed –

    A.     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    B.     to afford adequate deterrence to criminal conduct; [and]

    C.     to protect the public from further crimes of the defendant;…

As of the date Bell filed his motion for compassionate release, he had served less than 37% of the statutory term of his sentence. Bell is set to be released from BOP custody on January 5, 2024.

Bell has a lengthy criminal record that stretches back to 1987. At the age of 20, he was convicted of aggravated battery. A couple of years later, Bell was in California where he was convicted of battery. Then, in 1992, Bell was convicted of inflicting corporeal injury to a spouse/co-habitant. Out of the 10 convictions Bell has accumulated since becoming an adult, 8 involve violence of some kind. The 10th one involved the incident that instigated his arrest for possessing an unregistered firearm in October, 2017. In this incident, the victim reported Bell pointed a sawed-off shotgun at her and told her he was going to kill her. The next day, he was intoxicated, cursed at her, and told her to lay on the couch, not letting her get up. He then retrieved his shotgun and waived it around and stated "bitch, this is what you get," before firing the shotgun into the couch beside her, blowing a hole through the couch and the wall behind it.

It is very clear that Bell's criminal history shows a pattern of violence. Further, Bell has failed to demonstrate that he will not pose a danger to the community, if released.

Additionally, in examining the 18 U.S.C. § 3553(a) factors, to reduce Bell's sentence (of which he has served less than 37%), would not reflect the seriousness of the offense, would not promote respect for the law, and would not afford adequate deterrence to criminal conduct.

## V.     CONCLUSION

For the above reasons, Defendant Bell's Motion for Compassionate Release [Doc. No. 39] is DENIED.

7

Monroe, Louisiana, this 22nd day of October, 2020.

                                                                                                        TERRY A. DOUGHTY
                                                                                                        UNITED STATES DISTRICT JUDGE