UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:19-CR-00074-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **NELSON BELL JR (01)** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM ORDER

The Court is in receipt of a *pro se* letter/filing from Defendant Nelson Bell, Jr. ("Bell"), which it construes to be a motion to reduce sentence, that was filed on June 13, 2022.

For the following reasons, the Motion is **DENIED**.

### I.     BACKGROUND

On April 9, 2019, Bell pled guilty in this Court to the One Count Indictment in this matter of possession of an Unregistered Firearm under Title 26 United States Code Section 5861(d). On August 19, 2019, Bell was sentenced to seventy-two (72) months imprisonment with three years of supervised release to follow. At this time, Bell has been incarcerated for two years and three months of his six-year sentence.

Bell filed a notice of appeal on August 19, 2019 [Doc No. 28]. On April 26, 2020, the United States Court of Appeals for the Fifth Circuit issued its judgment [Doc. No. 38] affirming the judgment of this Court.

Bell filed a Motion for Compassionate Release [Doc. No. 39] on October 7, 2020. That Motion was denied [Doc. No. 43] by this Court on October 22, 2020.

Bell then filed this instant motion, wherein he requests a reduction of sentence and/or immediate release. Bell cites medical problems and a lack of treatment for those medical problems for why he should be entitled to release. Additionally, Bell mentions multiple other

reasons for why he should be entitled to release including issues regarding a state court sentence, that he did not violate his two years of probation, completion of anger management classes, completion of domestic violence classes, and multiple other reasons. The Court has considered Bell's letter/motion, the exhibits attached to the letter, and is prepared to rule.

## II.    LAW AND ANALYSIS

Rule 35 of the Federal Rules of Criminal Procedure[1] requires that motions to reduce a legal sentence be made within 120 days after sentence is imposed. The 120-day time limit is jurisdictional and may not be extended by the district court. *United States v. Addonizio*, 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) (dictum); *United States v. Gonzalez-Perez*, 629 F.2d 1081, 1083 (5th Cir. 1980); FED.R.CRIM.P. 45(b). Accord, *United States v. Inendino*, 655 F.2d 108, 109 (7th Cir. 1981); *United States v. Smith*, 650 F.2d 206, 208 (9th Cir. 1981); *United States v. Dansker*, 581 F.2d 69, 72 (3rd Cir. 1978). Its dual purpose is to allocate responsibility for disposition of an offender between the sentencing court and parole authorities and to protect courts against "continuing and successive importunities by the defendant." *United States v. Mendoza*, 565 F.2d 1285, 1290 (5th Cir. 1978) modified en banc 581 F.2d 89 (5th Cir. 1978).

The Court notes that the 120-day time limit has more than expired in this case for Bell to file a motion to reduce his sentence. The Court is aware that a motion to correct an illegal sentence may be raised at any time; however, the sentence in this case was not illegal. Because

---

[1] **(b) Reduction of Sentence.** A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Bell failed to timely file his Motion, and because the Court sees no reason to alter or amend the sentence given in this case, the Motion is **DENIED**.

### III. CONCLUSION

Based on the reasons set forth above,

**IT IS ORDERED** that the *pro se* Motion to Reduce Sentence [Doc. No. 47] is **DENIED**.

MONROE, LOUISIANA, this 14th day of June 2022.

                                        Terry A. Doughty
                                        United States District Judge